In an action for a declaratory judgment declaring that certain provisions of the Zoning Ordinance of the Incorporated Village of Lloyd Harbor are unconstitutional, and for other incidental relief, defendants appeal from so much of an order granting their motion to require the plaintiff to bring in certain additional parties as permits the plaintiff to join such parties as defendants in the event they refuse to join as plaintiffs. Order modified by inserting in the second ordering paragraph, between the words “ persons ” and “ refuse ”, the following: “ other than the said Louise E. Jones as such trustee ”; and by striking out the third ordering paragraph and substituting, in lieu thereof, the following: “ Ordered that until the provisions herein with respect to Parcel No. 1 are fully complied with, plaintiff and her attorney be and they hereby are in all respects stayed from taking any other steps or proceedings in this action on behalf of said plaintiff in her individual capacity; and until the provisions herein with respect to Parcel No. 2 are fully complied with, plaintiff and her attorneys be and they hereby are in all respects stayed from taking any other steps or proceedings in this action on behalf of said plaintiff in her *1125 fiduciary capacity; except that plaintiff shall not be stayed from taking an appeal from this order if she is accordingly so advised.” As so modified, the order, insofar as appealed from, is affirmed, without costs. The plaintiff, as a cotenant in common of Parcel No. 1, has the right to maintain this action in her own behalf. However, the question of whether the action is in the best interests of the trust estate on behalf of which she also sues here, as a cotrustee, and whether the action should be maintained in behalf of the estate, apparently is one which calls for the exercise of discretion of the trustees. Accordingly, neither trustee may maintain the action alone, and particularly not when, as here, it appears that one of the trustees is opposed to the maintenance of the action. If such opposition were an abuse of discretion by the latter, or unwise, the respondent, as trustee, and the beneficiaries of the trust, are not helpless. However, the remedy is not the maintenance of this action by the respondent as a trustee. (See 2 Scott on Trusts, §§ 194, 282.1.) Carswell, Sneed and Wenzel, JJ., concur; Nolan, P. J., dissents and votes to affirm without modification; MacCrate, J., not voting. [See post, p. 1151.]